UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Fatima Syed<br><br>                    Plaintiff,<br><br>          v.<br><br>NYCHHC Kings County Hospital<br>and Jennifer Trotman,<br><br>                    Defendants. | 24-cv-1624 (NRM) (JRC)<br><br>**MEMORANDUM AND ORDER** |

NINA R. MORRISON, United States District Judge:

Plaintiff Fatima Syed, proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act, stemming from what she alleges was discriminatory treatment by her former employer, Defendant NYC Health + Hospitals / Kings County, and Defendant Jennifer Trotman, the Director of Nursing who supervised Syed at the hospital. Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing, *inter alia*, that Syed failed to exhaust administrative remedies, and that Jennifer Trotman and NYC Health + Hospitals / Kings County are improper defendants to the action. Def.'s Mot. for Summ. J. ("Def.'s Mot."), ECF No. 15; Def.'s Mem. in Support of Mot. for Summ. J. ("Def.'s Mem."), ECF No. 15-7.[1]

---

[1] Syed named Defendants in this case as "NYCHHC Kings County Hospital" and Jennifer Trotman. Defendants identify themselves as New York City Health and Hospitals Corporation (which does business as NYC Health + Hospitals), NYC Health + Hospitals / Kings County, and Jennifer Trotman. Def.'s Mem. at 5 n.1. Defendants clarify that the correct name for "NYCHHC Kings County Hospital" is NYC Health +

1

For the reasons that follow, the Court grants Defendants' motion for summary judgment.

## **FACTUAL BACKGROUND**

The Court describes the relevant factual background below primarily from the allegations in Syed's complaint (Compl., ECF No. 1), and Defendants' Statement of Material Undisputed Facts in support of their motion for summary judgment, submitted pursuant to Local Civil Rule 56.1. Def.'s Local Rule 56.1 Statement of Material Undisputed Facts ("Def.'s Rule 56.1 Statement"), ECF No. 15-1. Plaintiff did not file a Rule 56.1 Counterstatement, though she did file opposition in narrative format. Pl. Opp. to Def.'s Mot. ("Pl. Opp."), ECF No. 16.

Syed, proceeding *pro se*, alleges she was employed by NYC Health + Hospitals / Kings County in 2023 as a staff nurse in the Behavioral Health "R" building of the hospital. Compl. at 6.[2] She was the only Muslim Asian staff person in the R building, and she suffers from "major depression disorder/anxiety disorder." Compl. at 6–7. Defendant Jennifer Trotman was the Director of Nursing and supervised Syed. Compl. at 6. Syed alleges that Defendants discriminated against her on the basis of her national origin, religion, race, and disability through a series of events detailed in her complaint. Compl. at 6–11. Syed also alleges that Defendants failed to

---

Hospitals / Kings County. *Id.* The Court uses that name for purposes of this memorandum and order.

[2] All page references use ECF pagination except where noted.

2

accommodate her disability, retaliated against her, and terminated her employment. Compl. at 4.

Syed attached an Equal Employment Opportunity Commission (EEOC) "right to sue" letter to her complaint, associated with Charge No. 440-2023-02179. Compl. at 17. Syed alleges she received the right to sue letter on December 5, 2023. Compl. at 15, 17. Defendants state that the EEOC letter Syed attached, associated with charge number 440-2023-02179, is not related to the instant matter. *See* Def.'s Rule 56.1 Statement ¶¶ 7–11; Exhibit B to Def.'s Mot. ("Exh. B") 5, ECF No. 15-4 (EEOC's response to Defendants' FOIA request, explaining that Defendants "failed to demonstrate [their] relationship" to the requested charge number). Instead, it relates to a proceeding entitled *Fatima Syed v. Select Rehabilitation*, a proceeding in which Defendants are not a respondent. Def.'s Rule 56.1 Statement ¶ 9; Exh. B, at 2 (citing *Fatima Syed v. Select Rehabilitation* as the case name related to the requested charge number). Defendants further declare that upon a diligent search of NYC Health + Hospitals' ("H+H") EEOC charge records, they have no records for an EEOC charge filed by Syed naming H+H as a respondent in the last five years. Def.'s Rule 56.1 Statement ¶¶ 12–13; Declaration of Aliza J. Balog ("Balog Decl.") ¶¶ 4–5, ECF No. 15-6.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for

summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (quoting *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)). A fact is material "when its resolution 'might affect the outcome of the suit under the governing law.'" *SCW W. LLC v. Westport Ins. Corp.*, 856 F. Supp. 2d 514, 521 (E.D.N.Y. 2012) (ADS) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In considering a summary judgment motion, the Court "is required to view the record in the light most favorable to the party against which summary judgment is contemplated and to resolve all ambiguities and draw all factual inferences in favor of that party." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 178 (2d Cir. 2008).

"The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact." *Thorpe v. City of New York*, No. 19-CV-5995 (CM), 2021 WL 3811238, at *4 (S.D.N.Y. Aug. 25, 2021) (citing *Celotex v. Catrett*, 477 U.S. 317, 323 (1986)). "Once such a showing has been made, the non-moving party must present 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). "The party opposing summary judgment 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). "Finally, the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

4

586 (1986)). "To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant." *Id.*

When plaintiffs proceed *pro se*, the Court should "afford[] them special solicitude before granting the [defendant's] motion for summary judgment." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994); *see also Williams v. Savory*, 87 F. Supp. 3d 437, 451 (S.D.N.Y. 2015) (PAE) ("[T]he *pro se* litigant should be given special latitude in responding to a summary judgment motion." (internal quotation marks omitted)).

## DISCUSSION

The factual record demonstrates that Syed did not exhaust her administrative remedies before filing this lawsuit. NYC Health + Hospitals / Kings County and Jennifer Trotman are not subject to liability under the statutes at issue here, and thus are improper defendants to the action.

**I.  Syed has failed to exhaust her administrative remedies, based on the record presented.**

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200–03 (2d Cir. 2003); *see also Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (stating "[e]xhaustion is ordinarily an essential element of a Title VII claim" (internal quotation marks omitted)); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Under . . . Title VII . . . a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter.").

5

Similarly, the Second Circuit has recognized that Title I of the ADA, which covers employment issues, "incorporates various provisions from Title VII of the landmark Civil Rights Act of 1964" including an "administrative-exhaustion provision" that "requires a claimant to file a charge of employment discrimination with the EEOC within 180 days after the discriminatory act." *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138–39 (2d Cir. 2007); *see also DiProjetto v. Morris Protective Serv.*, 306 Fed. Appx. 687, 688 (2d Cir. 2009) (summary order) (affirming dismissal of plaintiff's employment discrimination action under Title VII and the ADA due to failure to administratively exhaust claims). The deadline for filing a charge with the EEOC is extended to 300 days from the alleged discriminatory action in certain circumstances. 42 U.S.C. §§ 12117, 2000e-5(e).

The present record provides no evidence that Syed exhausted her administrative remedies before filing her claims under Title VII and Title I of the ADA. Defendants state that the EEOC letter Syed attached to her complaint, associated with charge number 440-2023-02179, relates to a proceeding entitled *Fatima Syed v. Select Rehabilitation*, a proceeding in which Defendants are not a respondent. Def.'s Rule 56.1 Statement ¶¶ 8–9; Exh. B (EEOC's response to H+H's FOIA request, naming *Fatima Syed v. Select Rehabilitation* as the case name related to the requested charge number and explaining that H+H "failed to demonstrate [its] relationship" to the charge number). Defendants further declare that upon a diligent search of H+H's EEOC charge records, there are no records for an EEOC charge filed by Syed naming H+H as a respondent in the last five years. Def.'s Rule 56.1

6

Statement ¶¶ 12–13; Balog Decl ¶¶ 4–5. Syed does not counter those facts in her opposition to the motion for summary judgment. *See generally* Pl. Opp. Accepting the unopposed facts as true, Syed has failed to exhaust her administrative remedies for her claims against Defendants, as "[a] plaintiff must file charges with the EEOC before bringing Title VII or ADA claims in federal court." *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016) (AJN).[3]

## II. NYC Health + Hospitals / Kings County and Jennifer Trotman are not subject to liability and are improper defendants to the action.

NYC Health + Hospitals / Kings County is not a separate corporate entity from H+H and therefore is not subject to suit. *See Toussaint v. Metro. Hosp.*, No. 22-CV-2689 (ALC), 2022 WL 1227740, at *1-2 (S.D.N.Y. Apr. 26, 2022) (dismissing *pro se* plaintiff's claims against branch hospital of H+H because it was an operating division of H+H and construing plaintiff's claims against the branch hospital as against H+H). Therefore, NYC Health + Hospitals / Kings County is not subject to liability and

---

[3] Defendants also argue that, even had Syed exhausted administrative remedies, *i.e.* assuming *arguendo* that the right to sue letter Syed attached is the correct one, she nevertheless failed to initiate her civil action within 90 days of receiving the letter, as required. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a). Defendants cite case law for the claim that the Court can assume someone received an EEOC letter within three days of its issue date. Def.'s Mem. at 9–10. Defendants calculate the statute of limitations deadline as February 21, 2024, by calculating 90 days from the assumed outer date of Syed's receipt of the letter — November 23, 2023 (three days after the Issue Date on the letter). *Id.*

However, the three-day presumption on which Defendants rely upon is not "irrebuttable." *See generally Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996). Syed alleges she did not receive the letter until December 5, 2023. Compl. at 17. If the Court credits Syed, then 90 days from receipt of the right to sue letter would be March 4, 2024. Because Syed initiated the instant action on February 29, 2024, if the EEOC charge she filed did in fact relate to the claims she raises in this action, her action would fall within the statute of limitations.

7

should be dismissed from the case.  The Court interprets the instant action as against H+H.

Moreover, individual defendants are not subject to suits for damages under Title I of the ADA or Title VII.  Plaintiffs are unable to pursue claims for monetary damages against individuals in their personal or official capacities under Title I of the ADA.  *Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 449–50 (E.D.N.Y. 2007) (ADS) (dismissing plaintiff's claims against individual defendants in their individual capacity because "there is no individual liability under Title I or Title II of the ADA" and dismissing plaintiff's claims for monetary damages against individual defendants in their official capacity due to sovereign immunity principles).  Similarly, "[i]ndividuals are not subject to liability under Title VII." *Buon v. Spindler*, 65 F. 4th 64, 78 (2d Cir. 2023) (quoting *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curium)).  Under Title VII, "[c]ourts within [the Second Circuit] have also generally found that individuals may not be sued in their official capacities." *Garcia v. N.Y.*, No. 05-CV-5138 (SAS), 2005 WL 2581926, at *2 (S.D.N.Y. Oct. 11, 2005) (quoting *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 233 n. 4 (N.D.N.Y. 2001)); *see also Wickland v. Archcare at Terrance Cardinal Cooke Health Care Ctr.*, No. 23-CV-02735 (OEM) (SJB), 2024 WL 3432029, at *3 (E.D.N.Y. July 15, 2024) ("It is well-settled in the Second Circuit that individuals are not subject to liability under Title VII whether they are sued in their personal or official capacity." (internal quotation marks omitted)).  Therefore, Jennifer Trotman is not subject to liability under Syed's ADA and Title VII claims.

In sum, on the face of the record as currently presented, Syed has failed to exhaust administrative remedies for her ADA and Title VII claims, and NYC Health + Hospitals / Kings County and Jennifer Trotman are improper defendants to the action.  Reading Syed's *pro se* complaint and summary judgment briefing liberally, the Court construes her action as asserting claims against defendant H+H.  The Court grants Defendants' motion for summary judgment against Syed's claims in their entirety due to the failure to exhaust administrative remedies, and additionally grants the motion against Syed's claims against NYC Health + Hospitals / Kings County and Jennifer Trotman due to their impropriety as defendants to the action.

## **CONCLUSION**

For the reasons discussed above, the Court grants Defendants' motion for summary judgment.

However, a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)).  "Permitting Plaintiff leave to replead an amended complaint . . . is well within the latitude of deference a court can afford a *pro se* party even if dismissal was based on summary judgment grounds." *Poindexter v. Cash Money Records*, No. 13-CV-5882 (RWS), 2014 WL 4652622, at *3 (S.D.N.Y. 2014); *see also Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986) (reversing district court's denial of leave for *pro se* plaintiff to amend and noting that "amendments seeking to insert or correct matters about which parties should have known but did not know are plainly within the scope of Rule 15(a)").  Leave to amend a complaint should not be denied unless there is evidence of "undue delay, bad faith, undue prejudice to the

9

non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds no evidence of "undue delay, bad faith, [or] undue prejudice to the nonmovant" by granting Plaintiff leave to amend. And if Syed did exhaust her administrative remedies and can provide the evidence that proves she complied with these statutes' exhaustion requirements, amendment would not be "futil[e]." Accordingly, the Court grants Syed leave to amend her complaint, in case she can provide the correct right to sue letter (*i.e.,* one that relates to the alleged discriminatory acts in this lawsuit). Plaintiff is reminded that an amended complaint completely replaces the original, so if Plaintiff chooses to file an amended complaint, she must include in the amended complaint all the necessary information to support her claims. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Order.

The Court cautions Syed that in order to amend her complaint, she must have a good faith basis to state that she has a *different* EEOC right-to-sue letter than the one referenced in this opinion (associated with charge number 440-2023-02179) — that is, she must have evidence that she has already exhausted her administrative remedies with respect to the Title VII and ADA claims she brings against H + H in this case. If Syed has questions about whether she satisfies this requirement, she may contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at (212) 382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

SO ORDERED.

                                                        */s/ Nina R. Morrison*

                                                        NINA R. MORRISON
                                                        United States District Judge

Dated:       March 24, 2025
                Brooklyn, NY